UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMIL ALHILALI,

                            **Plaintiff,**

            v.                                  6:23-CV-482
                                                        (FJS/ATB)

CEX TRANSPORTATION, INC.,

                            **Defendant.**

_____

**APPEARANCES**                                     **OF COUNSEL**

**FELT EVANS LLP**                          **JAY G. WILLIAMS, III, ESQ.**
4-6 North Park Row
Clinton, New York 13323
Attorneys for Plaintiff

**NIXON PEABODY LLP**                 **ANDREW C. ROSE, ESQ.**
677 Broadway, 10th Floor
Albany, New York 12207
Attorneys for Defendant

**BURNS WHITE LLC**                   **DAVID R. CHLUDZINSKI, ESQ.**
Burns White Center                           **T.H. LYDA, ESQ.**
48 26th Street
Pittsburgh, Pennsylvania 15222
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff commenced this action in state court in the County of Oneida in October 2022. *See* Dkt. No. 2, Complaint, at 1.  Defendant CSX Transportation, Inc. ("CSXT")[1] subsequently removed the action to this Court on the grounds of diversity.  *See* Dkt. No. 1, Notice of Removal.

In his complaint, Plaintiff alleges that a train that Defendant operated struck the passenger side of his vehicle as he was attempting to cross a railroad track.  *See* Dkt. No. 2 at ¶ 8. He alleges that this incident occurred due to Defendant's negligence.  *See generally id.* Specifically, he asserts that Defendant caused the collision by failing to give "adequate and proper warning" of the train's approach.  *See id.* at ¶ 9.  Plaintiff claims that he brought his car to a stop before crossing the tracks and that, after looking both ways, he could not see a train coming.  *See id.* at ¶¶ 6-7.  Finally, Plaintiff argues that Defendant operated its train with the knowledge that some crossings were not properly maintained and that such lack of maintenance obstructed the view of a driver crossing the tracks.  *See id.*

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 8.

**II. DISCUSSION**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a party's claim for relief.  *See Patane v. Clark*,

---

[1] Defendant notes in its motion to dismiss that Plaintiff mistakenly refers to Defendant as "CEX Transportation, Inc." in his complaint.  *See* Dkt. No. 8.

508 F.3d 106, 111-12 (2d Cir. 2007). When considering the legal sufficiency of a complaint, the court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). "'[I]n considering a motion to dismiss for failure to state a claim . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1995, 167 L. Ed. 2d 929 [(2007)]). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Moreover, the Supreme Court has explained that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

Furthermore, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quotation omitted). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.'" *Id.* (quotation omitted). "Plausibility . . . depends on a host of considerations: the full actual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) (citing [*Iqbal*, 129 S. Ct.] at 1947-52).

Under New York law, a negligence claim requires a plaintiff to plead (1) a duty that the defendant owes to the plaintiff, (2) a breach of that duty, and (3) injury proximately resulting from that breach. *See S-P Assocs., LP v. United Cleaners & Launderers, Inc.*, No. 07-CV-6515, 2011 WL 4344058, *6 (W.D.N.Y. Sept. 14, 2011) (quotation and other citation omitted). In addition, "a plaintiff must show that the defendant either created a dangerous condition, or had actual or constructive notice of the dangerous condition." *Id.* (citing *Samuels v. Marriott Int'l, Inc.*, 86 Fed. Appx. 453, 455 (2d Cir. 2004)).

"Under New York law, a railroad, like any other landowner, owes a duty to exercise reasonable care under the circumstances to persons on its land." *Raspente v. Nat'l R.R. Passenger Corp.*, 111 F.3d 239, 242 (2d Cir. 1997) (citing *Basso v. Miller*, 40 N.Y.2d 233, 241, 386 N.Y.S.2d, 352 N.E.2d 868, 872 (1976)). Pursuant to this duty of care, New York law "requires a landowner to 'maintain its premises in a reasonably safe condition.'" *Philip v. Deutsche Bank Nat'l Trust Co.*, 636 F. App'x 5, 7 (2d Cir. 2015) (summary order) (quoting *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 145 (2d Cir. 2001) (citing *Basso*, 40 N.Y.2d at 241, 386 N.Y.S.2d 564, 352 N.E.2d 868) (other citation omitted)).

Where such a duty is owed, the foreseeability of the harm is the measure of liability. *See Basso v. Miller*, 40 N.Y.2d 233, 241 (1976). Foreseeability of harm, however, does not determine whether a duty exists; but only that, once a duty does exist, foreseeability determines

the scope of the duty. *Abdulaziz v. McKinsey & Co., Inc.*, No. 21-2921, 2022 WL 2444925, *3 (2d Cir. July 5, 2022) (summary order) (citations omitted).

In his complaint, Plaintiff alleges that, as a railroad, Defendant owed a duty of care to those on or near its tracks. *See* Dkt. No. 9 at 2; *see also Raspente*, 111 F.3d at 242 (stating that New York law provides that railroads owe a duty of reasonable care under the circumstances to people on their land). Plaintiff alleges that, at the time of the accident, he was in his vehicle and attempting to cross a railroad track when one of Defendant's trains struck the passenger side of his vehicle. *See* Dkt. No. 2, Complaint, at ¶ 8. These factual allegations are sufficient to support Plaintiff's claim that Defendant owed him a duty of care.

As to the second element necessary to state a claim for negligence, however, Plaintiff fails to allege facts sufficient to support his claim that Defendant breached its duty of care. *See id.* at ¶ 9. Although Plaintiff asserts that he brought his car to a stop before crossing the tracks and that, after looking both ways, he could not see a train coming, *see id.* at ¶¶ 6-7, he has not alleged any facts regarding how his view was obstructed or what obstructed his view. *See* Dkt. No. 2, Complaint, at ¶¶ 7-10. Moreover, Plaintiff has not alleged any facts in his complaint that suggest that Defendant was responsible for any such obstruction. *See generally id.* Finally, although Plaintiff alleges that Defendant operated its trains with knowledge that some crossings were poorly maintained, he fails to provide any facts to support this conclusory statement. *See generally* Dkt. No. 2, Complaint.

Thus, even accepting as true the facts that Plaintiff's view was obstructed and that, as a result, an accident occurred, these facts are insufficient to raise his claim of negligence against Defendant above the speculative level. Therefore, the Court concludes that Plaintiff's complaint cannot withstand Defendant's motion to dismiss for failure to state a claim.

## III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim, *see* Dkt. No. 8, is **GRANTED** and Plaintiff's complaint is **dismissed without prejudice**; and the Court further

**ORDERS** that Plaintiff's request to file a motion for leave to amend his complaint is **GRANTED**; Plaintiff shall file any such motion within **twenty (20) days** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that, if Plaintiff does not file a motion for leave to amend his complaint within **twenty (20) days** of the date of this Memorandum-Decision and Order, Plaintiff's complaint shall be deemed **dismissed with prejudice** without further Order of this Court and, at that time, the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: July 10, 2023
   Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge